# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

QUENTIN T. JONES,                       :
                                        :
      Plaintiff,              :
                                        :
   v.                              : Civ. No. 18-227-LPS
                                        :
D. METZGER, et al.,                     :
                                        :
      Defendants.             :
                                        :

Quentin T. Jones, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

August 10, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Quentin T. Jones ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges his constitutional rights were violated from September 2017 through January 2018. Plaintiff was housed with inmate Terrence Teagle ("Teagle"), who is known to set up other inmates by placing contraband in their cells or with their personal belongings. On November 11, 2017, Plaintiff submitted an affidavit to Defendant Internal Affairs Office[2] advising it that he had been informed by other inmates to watch himself because a specific group of inmates were conspiring to set him up so that Plaintiff's employment as an inmate barber would be terminated. Plaintiff also informed multiple Department of Correction ("DOC") personnel of the issues.

On November 27, 2017, Teagle and inmate Anthony Abbatiello ("Abbatiello") secretly placed a shank in Plaintiff's left shoe. Afterwards Plaintiff was strip searched and correctional officers discovered the shank. Plaintiff was "served a disciplinary referral" and told that he might be terminated from his job pending the referral. A disciplinary hearing was held on November 28, 2017, and Plaintiff was found "not guilty" based upon Plaintiff's prior statements regarding the

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Internal Affairs is not a person within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

1

behavior of Teagle and Abbatiello. Plaintiff was removed from the cell with Teagle and assigned to a new cell on the same tier.

On November 29, 2017, Abbatiello told Plaintiff that Teagle would "pop open" Plaintiff's locker box and read through Plaintiff's criminal case documents while Plaintiff was away from the tier at work. Plaintiff spoke to the correctional officer on duty, who submitted an email on the matter. In December 2017 and January 2018, Plaintiff saw that some documents had been tampered with. Also during this time, Plaintiff was told by Teagle that Abbatiello stole Plaintiff's criminal case paperwork and submitted a hand-written letter to the Sussex County Superior Court, Prothonotary's Office, Judge, and/or prosecutor of Plaintiff's case in the hopes of receiving a benefit from the State for fabrication of testimony against Plaintiff. In December 2017, Plaintiff became aware that Teagle indicated that he was going to speak to the Governor's Task Force in Dover, Delaware, about past events at the prison in exchange for Teagle's early release from prison. Plaintiff submitted several grievances complaining about the actions that were being taken by the other inmates.

Plaintiff alleges that because the DOC and its staff did not take adequate steps to remedy the issues, Teagle and Abbatiello had a physical altercation on January 14, 2018, which ultimately resulted in Teagle's transfer to another correctional facility. He alleges that the DOC and its staff are using inmates to seek out information regarding other inmates in exchange for job opportunities at the VCC. Plaintiff alleges that this conduct is very detrimental because it jeopardizes the lives of inmates and staff.

For relief, Plaintiff seeks a transfer to the Sussex Correctional Institution in Georgetown, Delaware, or an assignment to a single cell on a different tier at the VCC where he can continue working on his criminal conviction case.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

3

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679

4

(citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Even when liberally construing Plaintiff's allegations, the facts do not indicate any violations of Plaintiff's constitutional rights. Notably, while Plaintiff received a disciplinary write-up based upon the planted shank, he was found "not guilty." There are no allegations that Plaintiff was punished or that he was terminated from his job as a result of the write-up. In addition, at least one of Plaintiff's antagonists is no longer housed at the same prison as Plaintiff.

Further, it is clear that Defendant Warden D. Metzger ("Metzger") and Defendants John Doe and Jane Doe as Security Chief/Superintendent of the Prison are named based upon their supervisory positions. It is well-established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). The complaint does not allege any direct or personal involvement by any of these defendants other than in their capacities as supervisors/administrators at the VCC. Plaintiff's claims rest impermissibly upon a theory of supervisory liability and, therefore, must be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Plaintiff refers to the numerous grievances he submitted. To the extent Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself

5

give rise to a constitutional claim, as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick v. Alba*, 932 F.2d at 729). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, Plaintiff seeks relief that this Court cannot grant. Plaintiff seeks a transfer to another correctional facility or a transfer to a single cell on a different tier at the VCC. The Court has no authority to dictate Plaintiff's housing assignment or prison classification. These determinations are made by prison authorities as part of the administration of the prison. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution, whether it be inside the state of conviction or outside that state. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

As discussed, Plaintiff's claims are frivolous. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.